UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **RACHEL CROWDUS and,** **JOE CROWDUS,** | ) ) ) |
| **Plaintiff,** | ) ) ) Cause No.: 3:13-cv-207-RLY-WGH |
| vs. | ) ) |
| **SCHNUCK MARKETS, INC., et al.** | ) ) |
| **Defendants.** | ) |

## DEFENDANT C & E FARMS, INC.'S ANSWER

COMES NOW defendant **C & E Farms, Inc.** (hereinafter "defendant C & E Farms") and, for its separate answer to plaintiffs' Complaint and Request for Jury Trial, states:

1. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 1 of plaintiffs' Complaint and must, therefore, deny the same.

2. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 2 of plaintiffs' Complaint and must, therefore, deny the same.

3. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 3 of plaintiffs' Complaint and must, therefore, deny the same.

4. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 4 of plaintiffs' Complaint and must, therefore, deny the same.

5. Defendant **C & E Farms** states that it does not possess sufficient information to

admit or deny the allegations set forth in paragraph 5 of plaintiffs' Complaint and must, therefore, deny the same.

6. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 6 of plaintiffs' Complaint and must, therefore, deny the same.

7. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 7 of plaintiffs' Complaint and must, therefore, deny the same.

8. Defendant **C & E Farms** admits that it is a foreign corporation but denies the remaining allegations set forth in paragraph 8 of plaintiffs' Complaint and must, therefore, deny the same.

9. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 9 of plaintiffs' Complaint and must, therefore, deny the same.

10. Defendant **C & E Farms** denies the allegations set forth in paragraph 10 of plaintiffs' Complaint.

11. Defendant **C & E Farms** admits that Escherichia Coli is a common family of bacteria which has been known to cause illness in humans, but further states that it does not have sufficient information to admit or deny the remaining allegations set forth in paragraph 11 of Plaintiff's First Amended Complaint and therefore must deny the same.

12. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 12 of plaintiffs' Complaint and must, therefore, deny the same.

13. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 13 of plaintiffs' Complaint and must, therefore, deny the same.

14. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 14 of plaintiffs' Complaint and must, therefore, deny the same.

15. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 15 of plaintiffs' Complaint and must, therefore, deny the same.

16. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 16 of plaintiffs' Complaint and must, therefore, deny the same.

17. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 17 of plaintiffs' Complaint and must, therefore, deny the same.

18. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 18 of plaintiffs' Complaint and must, therefore, deny the same.

19. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 19 of plaintiffs' Complaint and must, therefore, deny the same.

20. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 20 of plaintiffs' Complaint and must, therefore,

deny the same.

21. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 21 of plaintiffs' Complaint and must, therefore, deny the same.

22. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 22 of plaintiffs' Complaint and must, therefore, deny the same.

23. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 23 of plaintiffs' Complaint and must, therefore, deny the same.

24. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 24 of plaintiffs' Complaint and must, therefore, deny the same.

25. Defendant **C & E Farms** states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 25 of plaintiffs' Complaint and must, therefore, deny the same.

## **COUNT I**

Defendant **C & E Farms** makes no answer to Count I of plaintiffs' Complaint in that Count I is neither directed against nor applicable to this defendant but is directed against Schnuck Markets, Inc. only. To the extent that any of the allegations set forth in Count I of plaintiffs' Complaint may be construed to constitute an allegation against defendant **C & E Farms**, defendant **C & E Farms** denies each and every allegation set forth in Count I of plaintiffs' Complaint.

## COUNT II

Defendant **C & E Farms** makes no answer to Count II of plaintiffs' Complaint in that Count II is neither directed against nor applicable to this defendant but is directed against Schnuck Markets, Inc. only. To the extent that any of the allegations set forth in Count II of plaintiffs' Complaint may be construed to constitute an allegation against defendant **C & E Farms**, defendant **C & E Farms** denies each and every allegation set forth in Count II of plaintiffs' Complaint.

## COUNT III

Defendant **C & E Farms** makes no answer to Count III of plaintiffs' Complaint in that Count III is neither directed against nor applicable to this defendant but is directed against Schnuck Markets, Inc. only. To the extent that any of the allegations set forth in Count III of plaintiffs' Complaint may be construed to constitute an allegation against defendant **C & E Farms**, defendant **C & E Farms** denies each and every allegation set forth in Count III of plaintiffs' Complaint.

## COUNT IV

COMES NOW defendant **C & E Farms, Inc.** and, for its separate Answer to Count IV of plaintiffs' Complaint, states:

26. Defendant **C & E Farms** repleads and incorporates by reference its answers to paragraphs 1 through 43 of the Complaint as if the same were herein fully set forth.

27. Defendant **C & E Farms** denies the allegations set forth in paragraph 45 of

plaintiffs' Complaint.

28. Defendant **C & E Farms** denies the allegations set forth in paragraph 46 of plaintiffs' Complaint.

29. Defendant **C & E Farms** denies the allegations set forth in paragraph 47 of plaintiffs' Complaint.

30. Defendant **C & E Farms** denies the allegations set forth in paragraph 48 of plaintiffs' Complaint.

31. Defendant **C & E Farms** denies the allegations set forth in paragraph 49 of plaintiffs' Complaint.

32. Defendant **C & E Farms** denies the allegations set forth in paragraph 50 of plaintiffs' Complaint.

33. Defendant **C & E Farms** denies each and every allegation set forth in Count IV of plaintiffs' Complaint other than those allegations that are hereinabove specifically admitted.

WHEREFORE, having fully answered Count IV of plaintiffs' Complaint, defendant **C & E Farms, Inc.** respectfully prays to be dismissed with its proper costs.

## **COUNT V**

COMES NOW defendant **C & E Farms, Inc.** and, for its separate Answer to Count V of plaintiffs' Complaint, states:

34. Defendant **C & E Farms** repleads and incorporates by reference its answers to paragraphs 1 through 50 of the Complaint as if the same were herein fully set forth.

35. Defendant **C & E Farms** denies the allegations set forth in paragraph 52 of plaintiffs' Complaint.

36. Defendant **C & E Farms** denies the allegations set forth in paragraph 53 of plaintiffs' Complaint.

37. Defendant **C & E Farms** denies the allegations set forth in paragraph 54 of plaintiffs' Complaint.

38. Defendant **C & E Farms** denies the allegations set forth in paragraph 55 of plaintiffs' Complaint.

39. Defendant **C & E Farms** denies each and every allegation set forth in Count V of plaintiffs' Complaint other than those allegations that are hereinabove specifically admitted.

WHEREFORE, having fully answered Count V of plaintiffs' Complaint, defendant **C & E Farms, Inc.** respectfully prays to be dismissed with its proper costs.

## **COUNT VI**

COMES NOW defendant **C & E Farms, Inc.** and, for its separate Answer to Count VI of plaintiffs' Complaint, states:

40. Defendant **C & E Farms** repleads and incorporates by reference its answers to paragraphs 1 through 55 of the Complaint as if the same were herein fully set forth.

41. Defendant **C & E Farms** denies the allegations set forth in paragraph 57 of plaintiffs' Complaint.

42. Defendant **C & E Farms** denies the allegations set forth in paragraph 58 of plaintiffs' Complaint.

43. Defendant **C & E Farms** denies the allegations set forth in paragraph 59 of plaintiffs' Complaint.

44. Defendant **C & E Farms** denies the allegations set forth in paragraph 60 of

plaintiffs' Complaint.

45. Defendant **C & E Farms** denies the allegations set forth in paragraph 61 of plaintiffs' Complaint.

46. Defendant **C & E Farms** denies the allegations set forth in paragraph 62 of plaintiffs' Complaint.

47. Defendant **C & E Farms** denies each and every allegation set forth in Count VI of plaintiffs' Complaint other than those allegations that are hereinabove specifically admitted.

WHEREFORE, having fully answered Count VI of plaintiffs' Complaint, defendant **C & E Farms, Inc.** respectfully prays to be dismissed with its proper costs.

### **COUNT VII**

COMES NOW defendant **C & E Farms, Inc.** and, for its separate Answer to Count VII of plaintiffs' Complaint, states:

48. Defendant **C & E Farms** repleads and incorporates by reference its answers to paragraphs 1 through 62 of the Complaint as if the same were herein fully set forth.

49. Defendant **C & E Farms** denies the allegations set forth in paragraph 64 of plaintiffs' Complaint.

50. Defendant **C & E Farms** denies each and every allegation set forth in Count IV of plaintiffs' Complaint other than those allegations that are hereinabove specifically admitted.

WHEREFORE, having fully answered Count VII of plaintiffs' Complaint, defendant **C & E Farms, Inc.** respectfully prays to be dismissed with its proper costs.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim against Defendant **C & E Farms**.

2. Plaintiffs' claims alleged in the Complaint are preempted by applicable state or federal laws.

3. Plaintiffs' alleged injuries were caused by the act or omission of an individual or entity over whom or which Defendant **C & E Farms** exercised no control.

4. The negligence of others, over whom Defendant **C & E Farms** exercises no control, was either the sole proximate cause of Plaintiffs' alleged injuries or was a proximate cause of Plaintiffs' alleged injuries. As a result, any fault attributable to C & E Farms must be apportioned among all other potentially responsible parties, including plaintiffs.

5. The negligence of Plaintiffs and their failure to use that degree of care as would have been used by ordinary, reasonable, and prudent persons under the same or similar circumstances was a, or the sole, proximate cause of their injuries.

6. Any product conformed to the state of the art for the design and manufacture of similar products and systems at all times relevant to this litigation.

7. Any product was not unreasonably dangerous, given the state of knowledge regarding such products.

8. At all material times, Defendant **C & E Farms** acted with due care and complied with applicable statutory, regulatory, and common law requirements. Accordingly, some or all of the Plaintiffs' claims are or may be barred by Defendant **C & E Farms'** compliance with all applicable state, federal and local laws and regulations.

9. Further answering and by way of affirmative defense, Defendant **C & E Farms** states that it is entitled to a credit or set-off in the amount of any payments made or

to be made by any joint tort-feasor, including but not limited to payments made by or on behalf of any co-defendant, or the amounts stated in any releases of any joint tort-feasor, whichever is greater.

10. Further answering and by way of affirmative defense, Defendant **C & E Farms** states that it is entitled to a reduction or set-off in the amount of any payments made by defendant or its insurer or authorized representative to plaintiff for special damages.

### JURY DEMAND

Defendant **C & E Farms** hereby demands a jury trial.

BY: __/s/ Rand D. Richey_____
Rand D. Richey (No. 16180-49)
NATIONWIDE MUTUAL INSURANCE
COMPANY TRIAL DIVISION
11555 N. Meridian Street
Carmel, IN 46032
Phone: (317)810-7116
Fax: (317)569-0924
Email: Richeyr2@nationwide.com

**ATTORNEYS FOR DEFENDANT
C & E FARMS, INC.**

**DANNA MCKITRICK, P.C.**

BY: __/s/ John F. Cooney_____
**John F. Cooney** (Pro Hac Vice)
7701 Forsyth Blvd., Suite 800
St. Louis, Missouri 63105-3907
Phone: (314) 726-1000
Fax: (314) 725-6592
E-mail: jcooney@dmfirm.com

**ATTORNEYS FOR DEFENDANT
C & E FARMS, INC**

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of February, 2014, that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to:

**Meagan D. Rideout**
Rhine Ernest, L.L.P.
mrideout@rhine-ernest.com

**ATTORNEY FOR PLAINTIFFS**

**Brent R. Weil**
**James B. Godbold**
Kightlinger & Gray
bweil@k-glaw.com
jgodbold@k-glaw.com

**ATTORNEYS FOR RESER FINE FOODS, INC.**
**and VAUGHAN FOODS, INC.**

**David T. Ahlheim**
**Justin C. Wilson**
Childress Ahlheim Cary, LLC
dahlheim@jchildresslaw.com
jwilson@jchildresslaw.com

**ATTORNEYS FOR VAUGHAN FOODS, INC.**

**Patrick A. Shoulders**
**Steven K. Hahn**
Ziemer Stayman Weitzel & Shoulders, LLP
shahn@zsws.com
pshoulders@zsws.com

**ATTORNEYS FOR SCHNUCK MARKETS, INC.**

                                              __/s/ Rand D. Richey_____